**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-07947 BKT** |
| | **Chapter13** |
| **CRUZ M. MENDEZ GARCIA** | |
| **Debtor** | |
| **CRUZ M. MENDEZ GARCIA** | **Adversary No. 13-00183 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **DORAL BANK** | |
| **Defendant** | **FILED & ENTERED ON 4/15/2014** |

## <u>OPINION AND ORDER</u>

Before this court is a Motion to Dismiss pursuant to Fed. R. Bankr. P. 7012 and 7019, Fed. R. Civ. P. 12(b)(7) and 19, 28 U.S.C §§ 157 and 1334(c)(1), Art. 7 of the P.R. Mortgage Law, 30 L.P.R.A. § 2051, and P.R. LBR 9013-1 and 9013-2filed by Defendant, Doral Bank ("Doral Bank" or "Defendant") [Dkt. No. 8],Opposition filed by Plaintiff, Cruz M. Mendez Garcia ("Ms. Mendez" or "Plaintiff") [Dkt. No. 20], and Sur-Reply filed by Doral Bank [Dkt. No. 23]. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

### I.     Factual Background

This adversary proceeding stems from a Chapter 13 bankruptcy case voluntarily filed by Ms. Mendez on October 5, 2012. In said proceeding, Doral Bank filed claim 11-1, alleging a secured lien over Ms. Mendez's real property in Canóvanas, Puerto Rico ("Property"). Plaintiff

filed this adversary proceeding pursuant to Fed. R. Bankr. P. 7001 in order to determine the validity and/or extent of the aforementioned lien.

Ms. Mendez acquired the Property on April 5, 2004. While Ms. Mendez and the seller executed a deed of sale, said deed was never recorded in the Property Registry. As a result, the seller still appears as the recorded owner of the Property.

On July 15, 2005, Ms. Mendez executed a mortgage deed with the Property as security interest to guarantee a mortgage note in favor of Sana Investment Mortgage Bankers, Inc. ("Sana"). Doral Bank is the current holder of the mortgage note. On August 2, 2005, the mortgage deed was presented to the Property Registry for recordation purposes. While the mortgage deed was pending recordation, the Puerto Rican Legislature passed the "Act to Streamline the Property Registry," thereby recording all pending documents before the Registry. As a result, the Property Registrar recorded the mortgage deed between Sana and Ms. Mendezthereby creating the lien at issue without its counterpart deed of sale.

In her adversary proceeding complaint, Ms. Mendez alleges that the lien at issue is unsecured. Ms. Mendez requests that the court declarethe lien unsecured, and orderthe Property Registrar to withdraw the mortgage deed from the registry. On November 4, 2013, Doral Bank submitted its motion to dismiss before the court. In its motion to dismiss, Doral Bank argues that: (1) pursuant to Fed. R. Civ. P. 12(b)(7) Plaintiff failed to join required parties consisting of the Carolina Section III Property Registrar ("Registrar"), the Puerto Rico Attorney General ("Attorney General"), and the Chapter 13 Trustee; (2) that this Court does not have jurisdiction over the matter as it is a non-core proceeding, or in the alternative, should abstain from hearing a state law matter pursuant to 28 U.S.C. § 1334 (c); and (3) that the doctrines of *res judicata* and

collateral estoppel bar Ms. Mendez from pursuing this matter.  For the following reasons, the court finds Doral Bank's motion to dismiss without merit.

## II.      Legal Analysis

### A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)

Doral Bank first argues that the matter should be dismissed for failure to join required parties. Fed. R. Bankr. P. 7012 states that Fed. R. Civ. P. 12(b) – (i) apply in adversary proceedings. Pursuant to Fed. R. Civ. P. 12(b)(7), a defendant may move to dismiss a claim for failure to join a party under Fed. R. Civ. P. 19. Weinstein-Bacal v. Wendt-Hughes, CIV. 10-1750 PG, 2012 WL 538235 (D.P.R. 2012). "Although the First Circuit has yet to explicitly state who carries the burden on a Rule 12(b)(7) motion, those courts of appeals that have addressed the issue all lay the burden upon the defendant." Adv. Cardiology Ctr. Corp. v. Rodriguez, 675 F. Supp. 2d 245, 250 (D.P.R. 2009) (citingAm. Gen. Life & Accident Ins. Co. v. Wood,429 F.3d 83, 92 (4th Cir.2005) [holding that the "burden of proof rests on the party raising the defense . . . to show that the person who was not joined is needed for a just adjudication"]).

Fed. R. Civ. P. 19 addresses situations where "a lawsuit is proceeding without a party whose interests are central to the suit." Bacardi International Ltd. v. V. Suarez & Co., Inc., 719 F.3d 1, 9 (1st Cir.2013)cert. denied, 134 S. Ct. 640 (U.S. 2013). The analysis is "fact-bound and driven by the nature of the issues before the court."Id. at 9–10. Courts must consider the policies underlying Fed. R. Civ. P. 19 "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." Picciotto v. Contl. Cas. Co., 512 F.3d 9, 15-16 (1st Cir. 2008) (citing Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir.1982)).

In its motion, Doral Bank argues that the Registrar, the Attorney General, and the Chapter 13 Trustee are required parties. Although it provides no legal analysis as to why the Chapter 13 Trustee is a required party, Doral Bank argues that the Registrar and Attorney General are required parties given that they represent the public interest in preserving the control, efficiency, and transparency within the Registry. Doral Bank further argues that the Registrar is a required party becauseMs. Mendez did not seek an administrative remedy before requesting that the court eliminate the mortgage deed at issue.

As set out by its text, an analysis under Fed. R. Civ. P. 19 is three-fold. First, the court should determine whether the absent party is a "required party." *See* Fed. R. Civ. P. 19(a). Second, whether it is feasible to join the required party, and third, if it is not feasible, "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *See* Fed. R. Civ. P. 19(b). If the court determines that the absent party is not a required party, the latter two inquiries under Fed. R. Civ. P. 19(b) are unnecessary. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 8 (1990).As Doral Bank provided no legal analysis as to why the Chapter 13 Trustee should be considered a "required party," it has failed to meet its burden. Therefore, the court will only analyze whether the Registrar and Attorney General fall within Fed. R. Civ. P. 19's purview.

A "required party" is a party who:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*See* Fed. R. Civ. P. 19(a)(1). Fed. R. Civ. P. (a)(1)(A) focuses on the ability to grant complete relief *among those already parties* in the suit. Bacardi International Ltd., 719 F .3d at 10 (emphasis in original). In the matter at hand, the court can grant complete relief with respect to the parties without joining the Registrar or Attorney General. Doral Bank does not contend that the Registrar and Attorney General's absence would preclude the court "from being able to fashion meaningful relief *as between the parties,* and we discern no reason for so concluding." Id. (emphasis in original) (citing Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir.1983)). Therefore, Doral Bank must turn to the provisions of Fed. R. Civ. P. (a)(1)(B) and its two subparts.

The two alternative means to qualify as a "required party" under Fed. R. Civ. P. (a)(1)(B) concern "protecting the interests of the absent party." Bacardi International Ltd., 719 F .3d at 10. Doral Bank argues that the Registrar and Attorney General's interests must be protected given that they represent the public interest and the Debtor bypassed all administrative proceedings. The court finds this argument meritless. Neither the Registrar nor the Attorney General have claimed any interest in this suit by affidavit or otherwise. Id. at 12 (holding that the absent party did not meet the requirements of Fed. R. Civ. P. (a)(1)(B)(i) as it failed to file "an affidavit with the district court or provided some notice that its interests would be impaired"). To the extent that the automatic stay prevents the Registrar or Attorney General from filing any such notice, said parties "could have filed a motion seeking relief from the stay for the purpose of notifying this court that it has an interest that would be impaired in this proceeding." Charest v. Fed. Nat. Mortg. Ass'n, CIV.A. 13-11267-MBB, 2014 WL 1304232 (D. Mass. 2014) (citing Picciotto v.

Contl. Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) [holding that in making practical determinations under Rule 19(a)(1)(B)(i), the "court may draw reasonable, pragmatic inferences from the particular circumstances in the case"]). Therefore, the court concludes that this matter's resolution will not impair or impede the Registrar or Attorney General's ability to protect their interests.

Finally, the resolution of this matter in the Registrar or Attorney General's absence will not leave the existing parties "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident."Bacardi International Ltd, 719 F.3d at 3 (citing Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir.1998)). Doral Bank has not put forward any argument as to why it would be unable to comply with another court's orderin the Registrar or Attorney General's absence. To the extent that Doral Bank considers the recorded mortgage deed an order, Article 64 of the Puerto Rico Mortgage Law provides that:

> Registrarsare not empowered to evaluate the legality of the judgments or entries made by themselves or by their predecessors. These entries, as well as the transactions recorded, must be deemed valid *until the courts declare them null and void*.

*See* 30 L.P.R.A. § 2267 (emphasis added). As a result, the Registrar or Attorney General's absence will not leave the existing parties subject to inconsistent obligations, as courts may declare recorded mortgage transactions null and void. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii); *see also* 30 L.P.R.A. § 2267.

BecauseDoral Bank has failed to meet its burden of proving that absent parties are "required parties," a Fed. R. Civ. P. 19(b) inquiry is unnecessary.  Temple, 498 U.S. at 8. Therefore, Doral Bank is not entitled to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

### B.  Core versus Non-Core, and in the Alternative, Abstention

Defendant goes on to argue that the matter before the court should be treated as a non-core proceeding. The distinction between "core" and "non-core" matters is determinative in the controversy at hand. Because of the constitutional limits imposed upon bankruptcy courts, this distinction is vital to the exercise of jurisdiction.*See* 28 U.S.C. § 157. Bankruptcy court jurisdiction exists in cases "under" the Bankruptcy Code, in cases "arising under," "arising in," and "related to" Title 11. *See*11 U.S.C. §§ 101 *et seq.*; *see also* 28 U.S.C. § 1334(b);*see also* 28 U.S.C. § 157(a).

"Arising under" proceedings are "those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir.2002). "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id. "'[R]elated to' proceedings are those which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." Id.Theformer twojurisdictional "categories are 'core' proceedings, whereas those merely related to the bankruptcy are 'non-core.'" In re Paolo, 619 F.3d 100, 102 (1st Cir. 2010) n. 2.

In a core proceeding, a "final judgment is immediately appealable either to the district court or, with the consent of the parties, to the BAP." In re Sheridan, 362 F.3d 96, 100 (1st Cir.

2004). An appeal of a final core proceeding judgment will be reviewed under a deferential standard, and will only be overruled if clearly erroneous. Id.

If the proceeding is non-core, the bankruptcy court is not empowered to issue final orders without the parties' consent.Id. "Instead, after it has conducted the required proceedings, it must submit its proposed findings of fact and conclusions of law for consideration by the district court." Id. The district court will then conduct a *de novo* review of the bankruptcy court's proposed findings of fact and conclusions of law before entering a final order. Id. However, it should be noted that bankruptcy courts do not have "constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."In re Plaza Resort at Palmas, Inc., 488 B.R. 50, 57 (D.P.R. 2013) reconsideration denied, 494 B.R. 178 (D.P.R. 2013) (citing Stern v. Marshall, 131 S. Ct. 2594, 2596 (2011)).

Given the aforementioned authority, it is clear that the matter before the court is a core proceeding. Doral Bank argues that because the issue before the court requires an analysis of allegedly controversial, unsettled, and disputed state law, the court should treat the matter as a non-core proceeding. However, Ms. Mendez filed this adversary "proceeding to determine the validity, priority, or extent of a lien or other interest in property." *See* Fed. R. Bankr. P. 7001(2). As evidenced byFed. R. Bankr. P. 7001(2), the determination of validity and extent of lien is integral to the bankruptcy process.Said determination will not result in further determination of "issues that are related to, but not essential to resolving the bankruptcy." In re Plaza Resort at Palmas, Inc., 488 B.R. at 57. As a result, the matter at hand will be treated as a core proceeding.

In the alternative, Doral Bank argues that the court should abstain from hearing the case pursuant to 28 U.S.C. § 1334(c). "In a case that falls into the categories outlined in section 1334(c)(1), bankruptcy courts have broad discretion to abstain from hearing state law claims

whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law."In re CH Properties, Inc., 381 B.R. 20, 30 (D.P.R. 2007) (citing Gober v. Terra + Corp., 100 F.3d 1195, 1207 (5th Cir.1996)). The statute delineates three "criteria to determine whether abstention is appropriate: the interests of justice, comity, and respect for state law."In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 69 (citing In re Pan Am. Corp., 950 F.2d 839, 845 (2d Cir. 1991)). Other factors should also be considered "in the determination of whether permissive abstention is appropriate, including: [1] the extent to which state law issues predominate over bankruptcy issues; [2] the presence of a related proceeding commenced in state court or other nonbankruptcy court; and [3] the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties."Id. (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166–67 (9th Cir.1990); In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,6 F.3d 1184, 1189 (7th Cir.1993)).

Doral Bank argues that while the matter is veiled as a garden variety lien validity determination, in reality it comprehends unsettled, profound, and disputed state law. The court disagrees with this proposition.Plaintiff filed this adversary proceeding to determine the validity or extent of the lien at issue. *See* Fed. R. Bankr. P. 7001(2). While the court will have to consider state law in its analysis of the lien's validity/extent, this does not diminish its primary objective within the purview of federal law. It is not uncommon for a bankruptcy court to consider state law in its determination of the validity and/or extent of a state law lien. *See*In re Ramos, 493 B.R. 355, 367 (Bankr. D.P.R. 2013) (considering Puerto Rican mortgage law to determine the validity/extent of a lien); *see also* In re Box, 324 B.R. 290, 292 (Bankr. S.D. Tex. 2005) (holding that as the alleged lien arises under state law the court "refers to state law to determine the lien's

validity"). The usage of state law in its analysis will in no way diminish this Court's respect for state law.Furthermore, the record is devoid of any evidence indicating the presence of a related proceeding commenced in state court or other nonbankruptcy court, or thatthe commencement of this proceeding was the result forum shopping by one of the parties. Therefore, considering that "federal courts generally should exercise their jurisdiction if properly conferred and that abstention is the exception rather than the rule," this Court will not abstain from the matter at hand. In re Colarusso, 382 F.3d 51, 57 (1st Cir. 2004) (citing In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir.1993)).

### C. *Res Judicata* and Collateral Estoppel

Lastly, Doral Bank argues that this matter should be dismissed pursuant to the doctrines of *res judicata* and collateral estoppel. Before the filing of this bankruptcy, Ms. Mendez had previouslyfiled for relief under Chapter 13 of the Bankruptcy Code (case number 07-05016). Under the previous case's confirmed post confirmation modified plan, Ms. Mendez paid Doral Bank as a secured creditor for the same debt. On March 20, 2012, the court dismissed the previous bankruptcy for failure to make plan payments. Doral Bank argues that in accordance with the doctrines of *res judicata* and collateral estoppel, Ms. Mendez's treatment of Doral Bank's claims in the instant bankruptcy must be the same as in the confirmed post confirmation modified plan in her previous bankruptcy.

The doctrine of *res judicata* stands for the proposition that"a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994) (citingAllen v. McCurry, 449 U.S. 90, 94, (1980)).Accordingly, *res judicata* requires"(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action

asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Id.

The court finds it difficult to understand how the unlitigated status of the Doral Bank's claim in the Debtor's prior bankruptcy could have any possible effect on the determination of the validity of the claim at issue.In re Giordano, 234 B.R. 645, 649 (Bankr. E.D. Pa. 1999); *see also* County Fuel Co. v. Equitable Bank Corp.,832 F.2d 290, 292 (4th Cir.1987) (holding that failure to object to claim creates no *res judicata* effect). Doral Bank cites the First Circuit Court of Appeals for the proposition that a "[p]lan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." In re Fili, 257 B.R. 370, 373 (Bankr. App. 1st Cir. 2001). However, In re Fili is not factually analogous to the matter before this court. Id. at 371-72. In re Fili dealt with a confirmed plan's *res judicata*effect throughout the life of a pending plan. Id. at 371-73. The In re Fili bankruptcy had not been dismissed, as is the case in the current matter. Id. *Res judicata* does present an obstacle "when the litigant was denied a full and fair opportunity to litigate his claims in the earlier proceeding; in this situation, application of *res judicata* would violate due process of law." Arecibo Radio Corp. v. Com. of P.R., 825 F.2d 589, 592 (1st Cir.1987); *see also* County Fuel Co., 832 F.2d at 292. The court rejectsDoral Bank's contention that Ms. Mendez is bound by the terms of the first confirmed plan, as the previous proceeding's dismissal effectively vacated said plan. For this reason, Doral Bank's *res judicata* argument is meritless.

The court further disagrees with Doral Bank's collateral estoppel argument. "The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was *actually*decided in previous litigation between the parties, whether on the same or a different claim." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994) (citing

Dennis v. Rhode Island Hosp. Trust, 744 F.2d 893, 898 (1st Cir.1984)) (emphasis in original). Doral Bank has failed to demonstrate how the determination of the validity and/or extent of the lien at issue was *actually* litigated in the previous bankruptcy proceedings. The court has not been provided with any legal argumentation as to why a previous plan renders Ms. Mendez collaterally estopped from submitting a new plan in a subsequent bankruptcy proceeding. Accordingly, the doctrine is inapplicable in the matter before the court.

Finally, Doral Bank argues that pursuant to Puerto Rico's "doctrina de actos propios" (our translation – "doctrine of one's own acts"), the Plaintiff is barred from questioning the validity of Doral Bank's claim. The doctrine of one's own acts is the product of 31 L.P.R.A. § 7, which allows for the interjection of "equity principles in the absence of a specific applicable legal provision." CMI Capital Mkt. Inv., LLC v. Municipality of Bayamon, 410 F. Supp. 2d 61, 76 (D.P.R. 2006) (citing Corraliza v. Bco. Des. Eco., CC-1999-384, 2001 WL 40070 (P.R. 2001)). It is clear that the doctrine of one's own acts must not be applied if the matter can be resolved using applicable statutes. As there is vast statutory authority applicable to the controversy at hand, the doctrine of one's own acts will not be used.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that Motion to Dismiss filed by Defendant shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 15th day of April, 2014.

Brian K. Tester
U.S. Bankruptcy Judge